The first case for argument is 22-1024, Toby v. DVA. Mr. Opinski, whenever you're ready. Thank you, Ron. This case has been around for a while. It was originally filed about ten years ago in the Philadelphia Regional Office. Mr. Toby was an employee of the Veterans Affairs. It's sad to say, while this case was pending, he died. And his son, Malcolm Toby, has taken over. Counselor, let me ask you a quick question. It's kind of like a threshold question here. What's left to decide? What is it that you would like? What relief do you seek? That's what I was going to address. Mr. Toby, Malcolm Toby, and I believe this is a very simple case. Back in September of 2016, the board issued a remand order. And you'll find that remand order at appendix pages 57 to 63. The board issued a remand order. The purpose of that remand order, as stated in the order, is for the Regional Office to hold a jurisdictional hearing to determine whether Mr. Toby, the original Mr. Toby, was in Chapter 75 statutory employment with full rights to notice and appeal. Can you confirm for me whether Mr. Toby received two days of back pay? What's that? Did Mr. Toby receive two days of back pay? Two days of... Can you confirm? While this matter was pending before this honorable court, let me take a step back. This really gets into the other side's case, which I had intended to rebut. I only reserve five minutes of initial... No, we understand that, but time is short. Okay, now. Well, the answer to your question is two days of back pay were offered while this case were pending specifically before this court. It has not been paid as of this moment, no. Okay, so back to Judge Raynor's question. What are you appealing here, and what is it you want us to do? I would be glad to tell you. We had, okay, when the case was remanded, the administrative judge issued an order finding board jurisdiction. Right. That's it. He found board jurisdiction, but there never was a hearing on the merits of Mr. Toby's case. So what we're seeking is for a remand back to the board for a merits hearing. I think it's very clear that... But don't you think, I mean, I think the government's position, which we'll hear from them, is that through this proceeding, before that order was issued, the agency withdrew its termination. So how is... Let me address that. Why is the termination still before us if it was withdrawn? Because the action of the agency did not give Mr. Toby full and complete relief. Okay, that's the relief I'm asking you. What relief? Okay, we believe that Mr. Toby, the agency has treated this like a term employment, Mr. Toby's employment like a term employment. We believe that he had career employment, and therefore he should be reinstated to his career employment. And did you raise that issue before the AHA? Was that your position at the get-go, that he's not a term employee? Yes. And what is the basis for saying that? I mean, the agency has a lot of... The agency makes a decision. They appointed him to a term appointment. We all agree with that, right? The job he was given was a term employment job. Well, the so-called term appointments are illegal because of the appointing authority use, which limits, is limited to temporary appointments for one year or less. So did you make that allegation? Yeah. That he was appointed illegally? Yes. You made it before the administration? Yes. What happened is when this... So you're asking us, in order for your client to prevail, you're asking us to determine that this was an unlawful appointment. Right. If it were an unlawful appointment, the relief would necessarily be that your client gets a full career job in lieu of this appointment, right? That's what you would ask us? Well, ordinarily where a legal, illegal appointment is made, the proper remedy is a... Was it re... I'm trying to remember. Forgive me. Well, they have to make it regular. Regularization, regularization. Well, why is... Is there any case you can think of? I've never seen one where the agency did what you're alleging was illegal here. Let's assume it's illegal. Let's assume it was improper, that they did a term appointment and there was something problematic about that appointment. Right. Is there any case law that says the relief for that would be that the employee gets a career appointment in lieu of a term appointment? Okay. Let me go back. Mr. Tobey originally was employed by this same agency in New Jersey where he attained career status. He had career status. He went into the Army and became disabled, which gave him what they call that 10% disabled veteran. When he applied for the job, he was anticipating getting his career satisfaction. But when he applied for the job, it was a term job and there was no guarantee that he would be converted into... Am I wrong about that? Was there anything in writing or orally said, like this is not really a term job or it will be converted at the end of the year? There's a case that I have cited in our brief. Bear with me. It's the Shapoka-Shaposka v. United States. You'll find that case referred on pages 15 and 16 of the petitioner's brief. At a later point in time, didn't the government accede that Mr. Tobey was a Chapter 75 employee? No. No, we had to go back and forth up to the board where the board finally issued that remand order. No, they kept saying that he was only a temporary employee. We kept saying, no, he's a Chapter 75 employee. Finally, what happened was that the board issued that remand order. Let's say we agree with you and he's a Chapter 75 employee. What is it that you want as a result of that? Well, first of all, we want a merits hearing. Second of all, out of that merits hearing, we would hope that we would get some kind of confirmation that he has career employment versus term employment of one year and two days, which is illegal. Counsel? In addition to that, we would want... Counsel? I'm sorry. That's okay. In light of the fact that he is deceased, what do you want in terms of your point about the permanent employment? I'm sorry, I didn't understand the question. You indicated that your client's deceased, correct? Yes, he is. Okay. I'm just trying to follow up a little bit on Judge Reyna's question. I'm trying to understand what you want in terms of the permanent employment. Okay, I understand your question now. Well, it seems to me that the appropriate relief would be to reinstate him. Well, when I say reinstate him, he is reinstated. But I would think that he would be entitled to back pay and other benefits computed up to the date of death. I mean, obviously he can't go beyond the date of death. That would be the limitation. Can you tell us approximately when his death occurred? When his death occurred? Maybe six months ago, just six months ago. We are well into your rebuttal. I know you saved a lot. Why don't we hear from the government? Okay. Thank you, Your Honor. Good morning, Your Honors. May it please the Court. Mr. Tobey appeals the decision of the Merit Systems Protection Board reversing his late father's removal for misconduct from his time-limited appointment with the VA. Shortly before the MSPB issued his decision in the case, however, the VA rather rescinded that removal for misconduct. Mr. Tobey's appeal, therefore, is moved. Although Mr. Tobey contends that he is entitled to further relief because of the time-limited appointment. What was it that was removed? The misconduct determination? Yes, Your Honor. So then he was reinstated? Yes, reinstated to the term of appointment that he held, which was for one year and two days. Was he ever reinstated to a Chapter 75 employee status? He was. I think he was reinstated to the term that he was serving on. The Board found that he had attained Chapter 75 status, but not for the reasons that Mr. Tobey advanced to the Board or here. But, well, he did at some point advance this. But Mr. Tobey was a Chapter 75 employee. He was, Your Honor, because he was terminated on the 365th day, so he had served a full year and attained that status by that reason. And so that is the reason that the Court, that the Board, rather, was looking into the nature of the appointment. It had to to some degree because he wouldn't have had, the Board would have had no jurisdiction to review the removal for misconduct if he hadn't attained that Chapter 75 status. So the purpose of that analysis was can we even analyze the removal for misconduct because you have to be a Chapter 75 employee for that reason. But the issue is that neither the Board nor the Court has jurisdiction to look into the illegal nature, alleged illegal nature, of the term of appointment because the Board has jurisdiction to review. But either way, either way, he is a Chapter 75 employee. Yes, Your Honor. So let's start from there. What do you owe him? Two days of back pay to the end of his... Why haven't you even paid the back pay? It has been paid, Your Honor. It has been paid. A check has been sent for the two days. Yes, the check for the two days was sent in September 2022. At the same time, we also offered, the VA offered interest on the back pay as well. That, for administrative reasons, had to be paid by direct deposit. We offered repeatedly to counsel to provide bank account information. Counsel has declined to do so to this point for reasons unknown, but the VA is ready to pay that interest. I'm still unclear. The government is conceding that he became a Chapter 75 employee. I'm just, that's not computing in my head because he had a term appointment. So are you conceding, by saying he was a Chapter 75 employee, are you conceding that he automatically became a career employee or a career conditional employee? Isn't that a, I mean, are you a Chapter 75 employee just because if you're on a term employment, what rights do you have that necessarily inure to someone who's a Chapter 75 employee? I'm just, I'm not computing what you're saying. You can attain the Chapter 75 status in a number of ways, including service, continuous service for a year, and that's what he did, but that still doesn't change the nature of the appointment. So you can have a term appointment, a time-limited appointment, that expires on a particular date, and that's what we have here. But his additional allegation then, unless your contention is that he waived it, is that he necessarily was entitled to a career appointment because the government allegedly exceeded the time frame for a term appointment. So what's your answer to that? Correct, Your Honor. That's his argument. We disagree with the argument. We also have a jurisdictional concern with that argument because, again, it wasn't properly before the Board. The Board was empowered to review the adverse action of his removal. That removal has been rescinded, and so therefore there's no more jurisdictional basis for the Court to have considered this other argument about the nature of his appointment. Look, if the removal were not rescinded, would they have jurisdiction to consider this issue? No. The only jurisdiction that they had to consider the nature of the appointment was to determine whether he has Chapter 75 status and, therefore, the ability to challenge the adverse action. Mr. Tobey has not established that the MSPB would have had jurisdiction. Maybe there's some other forum to challenge, well, my appointment was for one year, two days. It should have been only one year, and so, therefore, there's an issue here. He hasn't established that the MSPB has any jurisdiction to entertain an argument of that nature. He pointed us to some cases that he cites on page 15 or 15 and 16, I guess, of his brief. So is there any legal basis for an allegation that the appointment was unlawful and, therefore, he should be converted to a career employee? No, Your Honor. The Szypulska case does not have that outcome at all. The issue in that case was the employee had been hired, the agency said mistakenly, under the wrong appointment authority, and then they went back and tried to change it, and the court had understandably took issue with trying to retroactively change him to the status that they had meant to hire him under, and that was the difference here. Here there was no change. He was initially hired under the terms of a appointment. But you agree that the term appointment, the time he actually worked, exceeded what was necessarily legal for a term appointment, right? The time that he worked did not, but the time that was on the appointment was likely for an administrative mistake. It was a term appointment by name only. By operational law, that was not a term appointment. He became an employee under the statute at the expiration of that one year, and later the government has conceded that, right? The government never conceded that, but the board did find that.  So if he's a federal employee under the statute, then he's entitled by operation of the law to appeal to the MSPB. Correct, Your Honor. Okay. To appeal his removal for misconduct, which has been rescinded. So there's no more, you know, that is a separate question of whether he has the right to appeal an adverse action like a removal for misconduct versus removal of MSPB. Well, even though you repealed the removal for misconduct, if, in fact, it was an illegal appointment and the appointment exceeded the one year, did he have a legal basis for staying on and saying, hey, I'm not leaving. Forget the removal. Hey, I'm here because the appointment was illegal, and you can't just willy-nilly stop me on day 367. No, Your Honor, because the expiration of his term has been found by the board and the court to not be an appealable adverse action. His term was always at that point. Also, Mr. Tobey, the counsel refers to the need to regularize. So he argues here that the need to regularize means that he would have had to have this reinstatement to a career status, but that's not the case. What regularize means under this court's jurisprudence is to remove the illegal portion, to correct the illegal portion of the appointment. In this case, the illegal portion of the appointment was the excess two days. So it doesn't always have to. It's not the case that it always has to adhere to the benefit of the employee. And the misconduct. The misconduct was also removed. Yes, the misconduct removal was rescinded, but, yes, the illegal portion of the appointment is the extra two days. So regularizing most naturally would mean removing those extra two days, and it can be the case that that regularization takes the form of something that's not in the employee's benefit. One of the cases relied on by Mr. Tobey is this Avalos case that this court had in 2020. And in that case, the regularization decision ended up in the removal of the employee, and this court held that to be correct and reasonable. Does the fact that you haven't yet paid the interest mean that the case is somehow not moot? No, Your Honor. The interest has been offered. In fact, this court, this is a case that's not in our brief, but one comparison that's also a non-precedential decision, but the court recently looked at an issue where an agency had offered the full relief. In that case, it was CSRS make-up deposits, and the agency had said we're going to allow you to make those. The petitioner took the position that, well, I haven't actually made the deposits yet, so the case is not moot. And the court found, no, they've told you they're going to do that. There's no indication that they're not going to. What's the citation you just mentioned? It's not in your brief. What's the citation? Yes. I'm sorry. I'm going to give you the citation for that one. Bear with me a moment, Your Honor. My apologies. Ah, here it is. Wells v. Merit Systems Protection Board. It's at 730F Appendix 909. And the pinned citation is 912, and that's a 2018 case of this court. So, again, to clarify, we've sent numerous emails to counsel offering to pay the interest by direct deposit. Okay. Going back to the merits of this, or whatever we're going to call it, I mean, you can see there were at least two errors that I see on the government's end of this. Then we have to figure out what the consequence of those errors are. One, I don't know how it would happen, but a term appointment under the statute is one year, and this thing they put in writing exceeded one year. Correct, Your Honor. So that was one problem. The other problem was that somebody decided to remove him as opposed to just let his term appointment expire. So that was, I mean, I'm a little sympathetic to the other side because I think this case has necessarily snowballed into something much more complicated, and that's a result of some of the stuff that went on below, right? Correct, Your Honor. But I would say that the removal was for serious misconduct, which is reflected in the record. It's not really an issue here because Mr. Dobie denies that it took place, but it was very serious misconduct, and that's why the agency took the action that it did, notwithstanding the fact that there were two agencies. But then it realized, whoops, we're into MSPB land, so we don't need to remove him because this term appointment, notwithstanding that it may not be kosher, allows us to remove him as of such and such a date. I wasn't part, I can't say the rationale, but that was the effect anyway. Yes, the rescission of the removal meant that because there was only two days left, they paid him for the two days, and that gives him the full relief that he would have been entitled to because that was the expiration of his appointment. Well, at that point, he was entitled a right to appeal. He was. To the MSPB. To appeal the exercise. When he gets to the MSPB, then you're arguing there's no jurisdiction here. There was jurisdiction to appeal the removal, but the removal has been rescinded, so that's what moots that part, and so it's a lack of jurisdiction because of mootness. There was no jurisdiction to challenge the two extra days on the appointment under this theory that that transforms it into a permanent employment. There's no MSPB jurisdiction for that. The MSPB is empowered to hear adverse action appeals, some other, but. So in your view, what issues are outstanding right now? None, Your Honor. The case is moot because they. No, no, wait a minute. What about attorney's fees? Attorney's fees, that is certainly, it doesn't impact upon the issue of mootness. The court has consistently held that that's a peripheral issue. Whether or not Mr. Tobey is entitled to attorney's fees would be up to the board if he were to file a petition. We're aware of no petition for attorney's fees to this point. I will say it's my understanding of the MSPB law that because the agency took this action voluntarily, that ordinarily no attorney's fees would be due. Mr. Tobey certainly can present an argument if he doesn't believe that that's the right result there, and that will be analyzed by the board. Thank you. Thank you, Your Honor. Okay, we'll restore four minutes of rebuttal if you need it. I'm sorry, how much time do I have? Four minutes. Okay, thank you. Let me address a couple of things here. Mr. Tobey was not removed for misconduct. He was not what? He was not removed for misconduct. The removal states that it is a removal for expiration of the term. Now... Wasn't something rescinded that was a removal for misconduct? No. What was rescinded was the removal for expiration of the term. If he had been removed for misconduct, being a statutory employee, he would have had a right to appeal, to respond to that proposed removal, and he would have had a right to appeal that removal to the board. So the point... It was my understanding that he was removed for misconduct. No. And that later they pulled back the misconduct and said, no, we're removing you because your term had expired. That's not the case? I don't believe that's the case. It's very clear. There is mention of misconduct in the removal letter. There is mention. However, it's very clearly stated in there that the removal is for... Can you give us a site of the appendix for the removal letter? Can you give us an appendix site for the removal letter? Maybe not. Let me check. It's got to be in here, right? I would think so. While I'm looking for that, the other thing I would like to point out is that the board considers regularization as an adverse action that can be appealed to the board. Is it supplemental appendix page 5? Looking for the removal letter, is it supplemental appendix page 5 in the red brief? I'm sorry. I'm sorry. Let me speak up. Is it supplemental appendix page 5 in the red brief? Answering the question about the removal letter, I'm asking if that's the right page. I don't know. I believe it's correct. Well, this refers to, in connection with the later, this is dated September 24th, so I actually don't think this is the removal letter. It refers to a letter dated February 25th, given notice that he was being terminated because of misconduct. Where is that? February 25th, 23rd. It's in the red brief, government's brief. They submitted an appendix once. Yeah. Okay. Go ahead. We don't want to take up your time. Okay. Well, like I said, the other thing is that regularization is an adverse action that can be appealed to the board. So what I'm getting at is procedurally what should happen is this case should be remanded to the administrative judge, who in turn should remand it to the agency to be regularized. Okay? And by regularized you mean because the term appointment initially exceeded one year. Exactly. It should necessarily, as a matter of law, become a regular employment thing, and your case for that is the one you cited to me earlier. I forget which case that is. Okay. But the point is that the end result may be they still may maintain that it is a term appointment of one year and two days. However, because that is an adverse action, that regularization, Mr. Tobey would have the right to appeal that determination to the regional board to decide whether or not the regularization was appropriate. There's some due process rights here that are being short-term. I sympathize with your client. I mean, it just seems to me that the government has backpedaled several times and has put your client in untenable positions. And it also appears to me that with the MSPB not having a quorum, you had to wait years to get to where you are now, and that should not have happened. However, I still don't see what it is that we can do for you. It seems to me that all your arguments have been made, and whatever relief that you've been praying for, that you've been asking for, it's been granted. I don't see how this case is not moved. So let's address that. If I might, very briefly. The case is moved only if, as a matter of law, it was an appointment for one year and two days. If there's any chance that it could be for something different, then the case is not moved. And our argument is that based – well, it's an illegal appointment. There's no such thing under that appointing authority other than something less than one year. And here we have something more than one year. So, you know, what should that be? What should the appointment be? Just let me ask you one final question. I'm sorry for my colleagues here. But what's the harm? I mean, where is the harm? If I get appointed, and I think I've got a – it's called a temporary appointment, and it happens that it unlawfully, arguably, exceeds the one year. It's one year and one day. Have I been prejudiced for that? I mean, what was my expectation? My expectation is I have a term appointment. And then my expectation is, even though it's called a term appointment, because it's for over one year, it's really a career conditional appointment? No. That was my expectation. My expectation is, because I worked in New Jersey and obtained career status, and because I am preference eligible, that I should receive or should have received a real statement. So he didn't think this was a term appointment, even though it was dubbed a term appointment. And he didn't think this was an appointment that would expire at the end of 367 days, even though that's what the appointment said. No, he didn't. That's what he's told me. Okay. He thought that he was a career employee, based on his prior service obtaining career status in New Jersey. And that the term appointment or the timeframe in his letter of appointment was not relevant or dispositive of anything. He thought he was being given a permanent job. All right. Well, thank you. Yeah, I think all of you seem to understand, appreciate the opportunity to argue the case. Well, thank you. Thank you. We thank both sides, and the case is dismissed.